UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISAGAIL O'LEARY and KEVIN
O'LEARY,

    Plaintiffs,

v.                                          CASE NO.: 8:10-cv-1625-T-23TBM

FIRST LIBERTY INSURANCE
CORPORATION,

    Defendant.
_____/

**ORDER**

The plaintiffs sued (Doc. 2) in state court pursuant to Section 624.155, Florida Statutes, ("Section 624.155") for damages after the defendant (the "insurer") initially declined to settle the plaintiffs' claim for benefits under a automobile insurance contract. The defendant removed (Doc. 1) and sufficiently alleged diversity jurisdiction. The insurer moves (Doc. 4) to dismiss and argues that the civil remedy notice ("CRN") submitted by the plaintiffs is defective both because the CRN names only Kevin O'Leary as a "complainant" and because the CRN is "vague and ambiguous." In response (Doc. 10), the plaintiffs argue (1) that the plaintiffs provided in the CRN all of the "statutorily required information and therefore have perfected their right to pursue a bad faith claim;" (2) that the CRN notified the insurer that the plaintiffs sought damages on behalf of both plaintiffs; (3) that the CRN contains sufficient detail; and (4) that the insurer is estopped from asserting the CRN's deficiency, because the insurer responded to the CRN in a "grossly untimely" manner.

Background

The complaint (Doc. 2) alleges (1) that on February 2, 2007, Lisagail O'Leary sustained injuries in a car accident in Pasco County, Florida; (2) that Kevin O'Leary, Lisagail's husband, "sustained damages as a result of his wife's injuries;" (3) that the party responsible for the accident[1] lacked sufficient automobile bodily injury liability insurance; (4) that, at the time of the accident, the plaintiffs' insurance contract provided $100,000.00 in uninsured motor vehicle coverage; and (5) that the insurer, in response to the plaintiffs' claim, "failed to promptly, properly, and fully investigate the loss and seek to fairly pay the coverage benefits to the full policy limits when [the insurer] knew, or reasonably should have known, that [the] [p]laintiffs were entitled to the full policy limits . . . ."

On January 31, 2008, the Florida Department of Financial Services accepted a CRN filed by the plaintiffs. The CRN contains the following information (relevant to the motion to dismiss):

> **2. Complainant:**     **X** **Insured** __Third Party    __ Other
> **Insured Name:** Lisagail O'Leary     **Policy No:** A:06-258-064250-70
> **Complainant Name:** Kevin O'Leary   **Claim No:** LA508-008351337-01
>
> **4. Reason for Notice:** Unsatisfactory Settlement Offer
> **5. Pursuant to Section 624.155, F.S. please provide the statutory provision, including the specific language of the statute, which the insurer allegedly violated.**
> **List Statute numbers:** FS 624.155-1(b)1
> **Statute Language:** Not attempting in good faith to settle claims when under all circumstances it could have and should have done so had it acted fairly & honestly toward[] its insured & with due regard for her interests.

---

[1] The plaintiffs' response (Doc. 10) to the motion to dismiss identifies the at-fault driver as John A. Caschetto.

- 2 -

> **6. Briefly describe the facts and circumstances giving rise to the violation:** Lisagail O'Leary was injured in a collision in which the other party was at fault and under-insured.

(Doc. 2, Ex. B) The plaintiffs sued on April 8, 2008, and asserted a claim (1) for negligence against the at-fault driver and (2) for benefits due under the plaintiffs' insurance contract. On February 3, 2009, the insurer served a "confession of judgment" that conceded the plaintiffs' entitlement to the $100,000.00. On July 22, 2010, the plaintiffs sued (Doc. 2) in state court and alleged a "bad faith" claim against the insurer for the insurer's allegedly conducting a "general business practice" of "engag[ing] in unfair claims settlement practices" in violation of Section 624.155. In the complaint (Doc. 2), the plaintiffs seek (1) damages for both Lisagail and Kevin under Section 624.155(4), plus pre- and post-judgment interest and (2) attorney's fees and costs.

### Discussion

*1. Sufficiency of a Civil Remedy Notice (the "CRN")*

Section 624.155, Florida Statutes, permits a civil action against an insurer for damages caused by the insurer's bad faith failure to settle a claim. Fla. Stat. § 624.155(1)(b)(1).[2] However, as a "condition precedent" to a bad faith action, a person must first provide to both the Florida Department of Financial Services (the "department") and the insurer written notice (a "civil remedy notice" or CRN) of a

---

[2] Additionally, Section 627.727(10), Florida Statutes provides that:

> The damages recoverable from an uninsured motorist carrier in an action brought under s. 624.155 shall include the total amount of the claimant's damages, including the amount in excess of the policy limits, any interest on unpaid benefits, reasonable attorney's fees and costs, and any damages caused by a violation of a law of this state. The total amount of the claimant's damages is recoverable whether caused by an insurer or by a third-party tortfeasor.

- 3 -

violation sixty days before suing. The sixty days permits the insurer to "cure" an alleged violation and "provides a 'last opportunity for insurers to comply with their claim[]handling obligations when a good[]faith decision by the insurer would indicate that contractual benefits are owed.'" Heritage Corp. of S. Fla. v. Nat'l Union Fire Ins. Co., 580 F. Supp. 2d 1294, 1298-99 (S.D. Fla. 2008) (quoting Talat Enter., Inc. v. Aetna Cas. & Sur. Co., 753 So. 2d 1278, 1284 (Fla. 2000) (finding that, "for there to be a 'cure,' what ha[s] to be 'cured' is the non-payment of the contractual amount due the insured."). If the department determines that the CRN lacks specificity, the department will return the CRN and the sixty days will begin upon the filing of a proper CRN. Fla. Stat. § 624.155(3)(a). Section 624.155(3)(b) delineates the information that a CRN must contain, which information consists of:

> 1. The statutory provision, including the specific language of the statute, which the authorized insurer allegedly violated.
> 2. The facts and circumstances giving rise to the violation.
> 3. The name of any individual involved in the violation.
> 4. Reference to specific policy language that is relevant to the violation, if any. If the person bringing the civil action is a third party claimant, she or he shall not be required to reference the specific policy language if the authorized insurer has not provided a copy of the policy to the third party claimant pursuant to written request.
> 5. A statement that the notice is given in order to perfect the right to pursue the civil remedy authorized by this section.

A CRN is inadequate if the CRN (1) fails to specify the statutory provision that the insurer allegedly violated, Nowak v. Lexington Ins. Co., 464 F. Supp. 2d 1248, 1252 (S.D. Fla. 2006); (2) fails to specify the capacity in which the claimant intends to sue, e.g., as the insured, as a third-party claimant, or as some other type of claimant, Erhard v. Hartford Accident & Indem. Co., 2008 WL 203583, *5 (S.D. Fla. 2008); or (3) fails

- 4 -

otherwise to comply with the requirements of Section 624.155(3)(b), Porcelli v. OneBeacon Ins. Co., Inc., 635 F. Supp. 2d 1312, 1318 (M.D. Fla. 2008).

In this action, the CRN contains the information required by Section 624.155(3)(b) and provides sufficient notice of both Lisagail's and Kevin's claim for benefits due under the contract. The CRN (1) identifies the "complainant" as the "insured," (2) lists Lisagail O'Leary as the name of the "insured," (3) identifies Kevin O'Leary as a "claimant," (4) identifies both Lisagail's policy number and the number that the insurer assigned to Lisagail's claim, (5) states that Lisagail sustained injuries in "a collision in which the other party was at fault and under-insured," (6) quotes the relevant policy language that provides coverage to the plaintiffs for bodily injury resulting from a collision with an under-insured motorist, (7) paraphrases the statutory language by saying that the insurer failed to settle the claim in good faith, and (8) otherwise contains all of the statutorily required information. The complaint alleges that the insurer failed within the sixty-days to either cure the violation or pay benefits, which the insurer several months later conceded to owing under the contract. Thus, because the CRN contains the statutorily required information, the CRN provides sufficient notice and the complaint states a claim under Section 624.155.

### Conclusion

Accordingly, the insurer's motion (Doc. 4) to dismiss is **DENIED**.

ORDERED in Tampa, Florida, on September 14, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE